MAGISTRATE'S CRIMINAL MINUTES

ARRAIGNMENT
   PLEA AND
      SENTENCE





FILED IN OPEN COURT
U.S.D.C. - Atlanta

JUN 27 2024

KEVIN P. WEIMER, Clerk
By: TCC Deputy Clerk

Time in Court: _____ Hrs  55  Min

Filed in Open Court:   Date: 06/27/2024   Time: 9:30 AM   Tape: FTR GOLD

Magistrate (presiding): **LINDA T. WALKER**    Deputy Clerk: **Traci Clements Campbell**

Case Number: 1:24-cr-195-2    Defendant's Name: Stephanie R. Lindsey

AUSA: Brent Gray    Defendant's Attorney: Brian Mendelsohn

USPO/PTR: Abnel Albaladejo-Torres    Type Counsel: (X) Retained  ( ) CJA  ( ) FPD  ( ) Waived

____ ARREST DATE: _____

____ INTERPRETER: _____

**X**  INITIAL APPEARANCE HEARING. (X) In THIS DISTRICT    Dft in custody? ( ) Yes    (X) No

**X**  Defendant advised of right to counsel.  ( ) WAIVER OF COUNSEL filed.

____ ORDER appointing Federal Defender Program as counsel.  ( ) INITIAL APPEARANCE ONLY.

____ ORDER appointing _____ as counsel.

____ ORDER giving defendant _____ days to employ counsel (cc: served by Mag CRD)

____ Dft to pay attorney fees as follows: _____

____ INFORMATION/COMPLAINT filed.    ____ WAIVER OF INDICTMENT filed.

**X**  Copy **indictment**/information given to dft? (X) Yes   ( ) No    Read to dft? ( ) Yes  ( ) No  (X) Prior to Hrg

____ CONSENT TO TRIAL BEFORE MAGISTRATE (Misd / Petty) offense filed.

**X**  ARRAIGNMENT HELD. ( ) Superseding indictment / information    ( ) Dft's WAIVER of appearance filed.

____ Arraignment continued to _____ at _____ Request of ( ) Govt   ( ) Dft

____ Dft failed to appear for arraignment.    Bench warrant issued _____

**X**  Dft enters PLEA OF NOT GUILTY. ( ) Dft stood mute; plea of NOT GUILTY entered.  ( ) Waiver of appearance.

____ MOTION TO CHANGE PLEA, and order allowing same.

**X**  ASSIGNED TO JUDGE _____ for (X) trial   ( ) arraignment/sentence.

**X**  ASSIGNED TO MAGISTRATE _____ for pretrial proceedings.

**X**  Estimated trial time: _____ days.   (X) SHORT    ( ) MEDIUM    ( ) LONG

____ PRE-SENTENCE INVESTIGATION filed.  Referred to USPO for PSI and continued

ARRAIGNMENT - Pg. 2         Case No.: 1:24-cr-195-2
                            Defendant: Stephanie R. Lindsey

until _____ at _____ for sentencing.

____ Government MOTION FOR DETENTION filed. Hearing set for _____ at _____

____ Temporary commitment issued.

**BOND/PRETRIAL DETENTION HEARING**

__X__ BOND / PRETRIAL DETENTION hearing held.

____ Government MOTION FOR DETENTION ( ) GRANTED ( ) DENIED ( ) WITHDRAWN

____ WRITTEN ORDER TO FOLLOW.

____ HEARING HELD on motion for reduction / modification of bond.

____ Motion for reduction / modification of Bond ( ) GRANTED ( ) DENIED.

____ WRITTEN ORDER TO FOLLOW.

__X__ BOND SET at   20,000.00 (OR)

__X__ Non-surety

____ Surety ( ) Cash ( ) Property ( ) Corporate surety ONLY

____ SPECIAL CONDITIONS: _____

__X__ Bond filed; defendant released.

____ Bond NOT EXECUTED. Defendant to remain in Marshal's custody.

**WITNESSES:** _____

MISC:	**MAGISTRATE JUDGE'S ORDER**

X	Pursuant to the Due Process Protections Act, the Court confirms the United States' obligation to disclose to the defendant all exculpatory evidence- that is, evidence that favors the defendant or casts doubt on the United States' case, as required by *Brady v. Maryland,* 373 U.S. 83 (1963) and its progeny, and ORDERS the United States to do so. The government has a duty to disclose any evidence that goes to negating the defendant's guilt, the credibility of a witness, or that would reduce a potential sentence. The defendant is entitled to this information without a request. Failure to disclose exculpatory evidence in a timely manner may result in consequences, including, but not limited to, exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, disciplinary action, or sanctions by the Court.

_____
_____
_____
_____