IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL ACTION<br>NO. 1:24-cr-195-LMM-LTW |
| STEPHANIE R. LINDSEY | |

DEFENDANT STEPHANIE R. LINDSEY'S
MOTION FOR SPECIFIC *BRADY* INFORMATION

COMES NOW, Defendant, STEPHANIE R. LINDSEY, by and through undersigned counsel and files this motion for specific *Brady* information. For cause, Defendant shows the following:

1) Ms. Lindsey is charged in an indictment with money laundering, conspiracy to commit money laundering, and filing false tax returns. (Doc. 1).

2) After the Government's initial discovery production, Defendant requested that the Government provide a copy of the Special Agent Report (SAR). The SAR is a detailed and extensive report made by an IRS agent that describes potential tax offenses and makes a recommendation regarding prosecution. The report contains exhibits and an appendix of supporting documents. The Government has refused to provide the report to Ms. Lindsey. In supplemental discovery production, the Government has provided a copy of documents that are included in the SAR appendix. Because Defendant does not have access to the

SAR, it is unclear if the Government produced everything that was attached to the SAR.

3) With this motion, Defendant requests that the Government disclose exculpatory information contained in the report. Several places in the report are likely to contain exculpatory information. First, the Internal Revenue Manuals instructs the special agent writing the report to "not attempt to conceal or omit facts that tend to be in favor of the subject. Explain these facts in the report appropriately and as necessary." Internal Revenue Manuals, § 9.5.8.4.1 (4). Second, an entire section of the report is dedicated to explanations and defense of the person being investigated. As such, it is likely that there is exculpatory information contained in the report.

ARGUMENT AND CITATION TO AUTHORITY

It is axiomatic that the Government is required by the Due Process clause to provide exculpatory information in its possession to a criminal defendant. *Brady v. Maryland*, 373 U.S. 667 (1965). Evidence that can be used to impeach a witness "falls within the *Brady* rule." *United States v. Bagley*, 473 U.S. 667, 676 (1985). Moreover, evidence in the possession of members of the prosecution team - including agents and police – are deemed to be in possession of the prosecutor for *Brady* purposes. *Kyles v. Whitley*, 514 U.S. 419 (1995).

Because any exculpatory information contained in the SAR is in the possession of the United States Attorney's Office and the investigative agents, it must be disclosed to the defense. Moreover, as the SAR is the report of the lead case agent, if that agent testifies, that report must be disclosed under the Jencks Act as a statement of a witness. *See* 18 U.S.C. § 3500.

WHEREFORE, Ms. Lindsey respectfully requests that the Court order the Government to disclose any exculpatory information contained within the SAR and the entire SAR if the Government intends to call the case agent who wrote the SAR as a witness at trial or at any pretrial hearing.

Dated:  This 6th day of September, 2024.

                                      Respectfully submitted,

                                      s/Brian Mendelsohn, Esq.
                                      Georgia Bar No. 502031
                                      Brian@tmelg.com

                                      ATTORNEY FOR STEPHANIE R. LINDSEY

The Mendelsohn Ertel Law Group LLC
101 Marietta Street, N.W.
Suite 3325
Atlanta, Georgia 30303
(404) 885-8878